# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| DARLENE C. BALISTRERI-AMRHEIN, § <br> ANTHONY J. BALISTRERI, DECEASED § <br> § <br> v. § <br> § <br> DONALD VERRILLI, JR., UNITED § <br> STATES SOLICITER GENERAL, ET AL | Civil Action No. 4:16-CV-112 <br> (Judge Mazzant/Judge Nowak) |

## MEMORANDUM ADOPTING REPORT AND
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On October 7, 2016, the report of the Magistrate Judge (Dkt. #128) was entered containing proposed findings of fact and recommendations that Plaintiffs Darlene C. Balistreri-Amrhein's ("Ms. Amrhein") and Anthony Balistreri's ("Mr. Balistreri") (collectively "Plaintiffs") Third Amended Complaint be dismissed. Having received the report of the Magistrate Judge (Dkt. #128), having considered each of Plaintiffs' objections (Dkt. #132), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #128) as the findings and conclusions of the Court.

## BACKGROUND

The underlying facts are set out in further detail by the Magistrate Judge and need not be repeated here in their entirety (*see* Dkt. #128). Accordingly, the Court sets forth herein only those facts pertinent to Plaintiffs' objections.

Plaintiffs filed suit on May 19, 2008, in Texas state court in Collin County (Case Nos. 296-01145-2008, 296-04897, 429-001145-2008) alleging Jerry and Lori Reichert, among others, breached a contract for the sale of real estate and engaged in fraud and other wrongdoing in relation to the sale and related contract (the "Transaction") (Dkt. #126 at 1-4). Plaintiffs lost in the trial courts and prosecuted appeals thereafter (Case No. 05-09-01377) (these proceedings are hereinafter and collectively referenced as the "Original State Civil Actions") (Dkt. #126 at 5). The Texas Supreme Court denied Plaintiffs' petition for review in 2012, terminating the Original State Civil Actions.

Meanwhile, and beginning in September 2012, Plaintiffs filed a new lawsuit in the Northern District of Texas (N.D. Tex. Case No. 3:12-CV-3707-G-BK) asserting many of the same claims against many of the same defendants as had Plaintiffs in the Original State Civil Actions; Plaintiffs also alleged misconduct and bias on the part of various Collin County judges, court administrators, and attorneys allegedly involved in the Original State Civil Actions (the proceedings before the Northern District of Texas are hereinafter and collectively referenced as the "Northern District of Texas Action"). *See Amrhein v. Reichert* (*Amrhein I*), No. 3:12-CV-3707-G-BK, 2013 WL 1155473, at *13-14 (N.D. Tex. Feb. 1, 2013), *report and recommendation adopted Amrhein v. Reichert* (*Amrhein I Order*), 2013 WL 1174571 (N.D. Tex. Mar. 21, 2013) (dismissing with prejudice all of Plaintiffs' claims against served defendants); *Amrhein v. Reichert* (*Amrhein II*), No. 3:12-CV-3707-G-BK, 2013 WL 1174626, at *1-2 (N.D. Tex. Feb. 15, 2013), *report and recommendation adopted Amrhein v. Reichert* (*Amrhein II Order*), 2013 WL 1181273 (N.D. Tex. Mar. 21, 2013) (dismissing without prejudice all of Plaintiffs' claims against unserved defendants). In dismissing Plaintiffs' claims, the Northern District also imposed a Pre-Filing Injunction on Ms. Amrhein for her repeated, frivolous court filings:

> **Darlene Amrhein is prohibited from filing any new civil action in any United States district court** unless she first files a motion requesting leave of court to do so and attaches thereto copies of (1) her proposed complaint, (2) the magistrate judge's findings, conclusions and recommendation in this case, (3) this court's order accepting the findings, conclusions and recommendation of the United States Magistrate Judge, and (4) the judgment in this case.

*Amrhein I Order*, 2013 WL 1174571, at *1; *see Amrhein I*, 2013 WL 1155473, at *13-14 (explaining need for sanctions and recommending pre-filing injunction). Plaintiffs appealed the Northern District's ruling unsuccessfully. *Amrhein v. Reichert*, No. 13-10450 (5th Cir. 2015), *cert. denied*, 135 S. Ct. 1479 (2015).

Plaintiffs filed the instant lawsuit on February 11, 2016, alleging myriad causes of action against over one hundred and twenty distinct defendants, many of which Plaintiffs already had sued in the Northern District of Texas Action (Dkt. #1; *see* Dkt. #5 (First Amended Complaint); Dkt. #7 (Second Amended Complaint)).[1] On February 11, 2016, Plaintiffs filed a Motion to Proceed *In Forma Pauperis* (Dkt. #3), which the Court granted on February 19, 2016 (Dkt. #4). The Court subsequently ordered Plaintiffs to file a Third Amended Complaint and ordered that service "be withheld pending judicial screening of Plaintiffs' Third Amended Complaint pursuant to 28 U.S.C. § 1915A" (Dkt. #124). Plaintiffs filed the Third Amended Complaint on March 14, 2016 (Dkt. #126). The Magistrate Judge entered a report and recommendation on October 7, 2016 (Dkt. #128), recommending Plaintiffs' Third Amended Complaint be dismissed with prejudice. On October 25, 2016, Plaintiffs filed Objections to the Magistrate Judge's report and recommendation (Dkt. #132).

---

[1] Reviewing the Magistrate Judge's report and recommendations, the Court finds the Magistrate Judge accurately and thoroughly identifies each of the Defendants Plaintiffs sue in this action. As a result, the Court adopts the Magistrate Judge's identification of the various groups of Defendants (*see* Dkt. #128 at 10-11 & nn. 5-7) and proceeds to evaluate Plaintiffs' Objections with reference to the "Northern District of Texas Defendants," the "New Transaction Defendants," and the "Eastern District of Texas Defendants." To the extent the Court omits inadvertently any named defendant in this action, the Court clarifies that this Memorandum addresses *all* named defendants and *all* claims raised by Plaintiffs in their Third Amended Complaint.

**OBJECTIONS**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). As a threshold matter, the Court notes Plaintiffs' Objections (vastly in excess of the Court's eight-page limit) take issue with the entirety of the Magistrate Judge's findings and recommendations. Moreover, a number of Plaintiffs' objections are duplicative and repetitive; and after reviewing Plaintiffs' filing under the relaxed pleading standard afforded *pro se* litigants, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court discerns that Plaintiffs object specifically to the following: (1) the Magistrate Judge's use of 28 U.S.C. § 1915 ("Section 1915") (a) to screen Plaintiffs' Third Amended Complaint and recommend dismissal with prejudice of Plaintiffs' claims, (b) to find that Plaintiffs' claims against the Eastern District of Texas Defendants should be dismissed with prejudice, and (c) to find that Plaintiffs' claims against the Northern District of Texas Defendants and New Transaction Defendants should be dismissed with prejudice; and (2) the Magistrate Judge's finding that Mr. Balistreri's claims should be dismissed.[2]

Plaintiffs object to the Magistrate Judge's screening of Plaintiffs' Third Amended Complaint under Section 1915 (*e.g.*, Dkt. #132 at 7-8, 12-15, 17-18, 24-30). Primarily, Plaintiffs assert Section 1915 applies only to prisoners and, accordingly, that the Magistrate Judge inappropriately applied that provision to Plaintiffs, who are not prisoners (Dkt. #132 at 7-8). Plaintiffs contend, as well, that the Magistrate Judge erred in recommending Plaintiffs' claims against each of the groups of Defendants be dismissed with prejudice (Dkt. #132 at 13). Further,

---

[2] Because the Court finds Plaintiffs' Third Amended Complaint should be dismissed in its entirety, the Court does not reach Plaintiffs' objection to the Magistrate Judge's finding that Mr. Balistreri's claims should be dismissed for lack of proper representation.

4

Plaintiffs assert, the Magistrate Judge erred in finding (1) Plaintiffs' claims against the Eastern District of Texas Defendants should be dismissed for failure to state a claim upon which relief may be granted and (2) Plaintiffs' claims against the Northern District of Texas Defendants and the New Transaction Defendants are frivolous and malicious (Dkt. #132 at 1-3, 6, 8-27).

### A. *Application of 1915 and Dismissal with Prejudice Thereunder*

District courts have authority under Section 1915 to dismiss a complaint *sua sponte* where the complaint "[1] is frivolous or malicious; [2] fails to state a claim on which relief may be granted; or [3] seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *Kenechukwu v. Holder*, No. 9:15-CV-62, 2016 WL 3961714, at *1-2 (E.D. Tex. June 10, 2016, *report and recommendation adopted*, 2016 WL 3926576 (E.D. Tex. July 21, 2016). A court may dismiss a complaint under this standard "if it lacks an arguable basis in law or fact." *Siglar*, 112 F.3d at 193; *see Moore v. Mabus*, 976 F.2d 268, 269-70 (5th Cir. 1992) (explaining the distinction between factual and legal frivolousness in *in forma pauperis* complaints). Although courts construe *pro se* filings liberally in this context, *see, e.g.*, *Flanagan v. LaGrone*, No. 9:16-CV-59-MHS, 2016 WL 4163557, at *1 (E.D. Tex. July 6, 2016), *report and recommendation adopted*, 2016 WL 4140751 (E.D. Tex. Aug. 3, 2016), dismissal is appropriate where the claims have no chance of success, *cf. Booker v. Koonce*, 2 F.3d 114, 115-16 (5th Cir. 1993) (noting dismissal of claims with "some chance" of success is inappropriate at screening stage but affirming dismissal where *pro se* plaintiff's claim "[was] based upon an indisputably meritless legal theory"). Moreover, "[t]he statute applies equally to prisoner and non-prisoner cases." *Kenechukwu*, 2016 WL 3961714, at *1-2 (citing *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002) (per curiam) (applying Section 1915 to non-prisoner *pro se* litigant)); *see, e.g., Booker*, 2 F.3d at 115 (applying

Section 1915 to non-prisoner, former arrestee who claimed wrongful arrest and affirming dismissal under Section 1915); *Patel v. United Airlines*, 620 F. App'x 352 (5th Cir. 2015) (per curiam) (applying Section 1915 to non-prisoner *pro se* litigant); *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) (per curiam) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs."); *Walters v. Scott*, No. H–14–1637, 2014 WL 5878494, at *1 (S.D. Tex. Nov. 11, 2014) ("Section 1915(e)(2)(B) applies equally to prisoner and non-prisoner *in forma pauperis* cases."); *Sanchez v. Waguespack*, No. 09-6130, 2010 WL 1727836, at *2 (E.D. La. Mar. 31, 2010) (same); *Hamilton v. Landmark of Richardson*, No. 3–02–CV–2681–K, 2003 WL 131722, at *1 n.1 (N.D. Tex. Jan. 8, 2003) (same); *Haqq v. Tex. Dep't of Hum. Servs.*, No. EP-07-CA-0156-FM, 2007 WL 1958611, at *1 (W.D. Tex. June 29, 2007) ("Section 1915(e)(2)(B) applies to both prisoner and non-prisoner *in forma pauperis* cases."); *cf. Haynes v. Scott*, 116 F.3d 137, 139-40 (5th Cir. 1997) (interpreting Section 1915 and determining sections using either or both nouns "persons" and "prisoners" applied to non-prisoners and prisoners, while sections using only noun "prisoner" applied only to prisoners); 28 U.S.C. § 1915(e)(1)-(2) (using the term "person," not "prisoner"). The Court finds in accord with these authorities that Section 1915(e)(2)(B) applies to non-prisoners and prisoners alike.

Further, courts appropriately dismiss claims with prejudice under Section 1915(e)(2)(B) in certain circumstances. *See Shabazz v. Franklin*, 380 F. Supp. 2d 793, 802 (N.D. Tex. 2005) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992), and *Marts v. Hines*, 117 F.3d 1504, 1505 (5th Cir. 1997) (en banc)). The Fifth Circuit has held that, when presented with one of the following situations, a court may dismiss an *in forma pauperis* complaint with prejudice: "(1) 'complaints containing claims which, on their face, were subject to an obvious meritorious defense'; (2) when the plaintiff had been 'given an opportunity to expound on the factual allegations' through a

questionnaire or hearing and still 'could not assert a claim with an arguable factual basis'; and (3) 'claims without an arguable basis in law.'" *Shabazz*, 380 F. Supp. 2d at 802-03 (noting this includes "'dismissals as frivolous or malicious' under the IFP screening statute[,]"citing *Marts*, 117 F.3d at 1505, and *United States v. Coscarelli*, 149 F.3d 342, 343 (5th Cir. 1998)). Plaintiffs' citation to *Denton* in support of the proposition that the Magistrate Judge inappropriately recommended dismissal with prejudice accordingly is unavailing:

> The rule that the *in limine* dismissals of actions by the district court generally are to be with prejudice particularly fits dismissals under the former 28 U.S.C. § 1915(d), now a part of 28 U.S.C. § 1915(e)(2). Dismissals under the *in forma pauperis* statute are in a class of their own, acting not as dismissals on the merits but, rather, as denials of in *forma pauperis* status. Typically, but not exclusively, such dismissals may serve as *res judicata* for subsequent *in forma pauperis* filings, but they effect no prejudice to the subsequent filing of a fee-paid complaint making the same allegations. Exceptions included complaints containing claims which, on their face, were subject to an obvious meritorious defense, or instances in which the plaintiff was given an opportunity to expound on the factual allegations by a *Watson* questionnaire or a *Spears* hearing and could not assert a claim with an arguable factual basis, or claims without an arguable basis in law.
>
> On en banc reconsideration, considering the distinct features of such *in forma pauperis* proceedings, we now hold that dismissals as frivolous or malicious should be deemed to be dismissals with prejudice unless the district court specifically dismisses without prejudice. . . .

*Marts*, 117 F.3d at 1505-06 (interpreting *Denton*) (footnotes omitted). In light of the Fifth Circuit's clear instruction in *Marts*, the Court finds the Magistrate Judge's recommendations to dismiss with prejudice appropriate.

### B.     *Dismissal of Claims Against Eastern District of Texas Defendants as Frivolous*

"A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Newsome*, 301 F.3d at 231-32 (finding dismissal of *pro se* litigant's APA claim appropriate under Section 1915 because APA accorded litigant no right to sue EEOC given that EEOC had

7

engaged in no final agency action); *see, e.g.*, *Neitzke*, 490 U.S. at 327-28 ("Examples . . . [include] claims against which it is clear that the defendants are immune from suit, . . . ."); *Billbrew v. Johnson*, 239 F. App'x 49, 50 (5th Cir. 2007) (per curiam) (affirming dismissal claim of deliberate medical indifference under Section 1915 because "wholly conclusional").

Likewise, claims lack an arguable basis in fact where based upon "fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (Section 1915 "accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual allegations are clearly baseless."); *Denton*, 504 U.S. at 32-33 ("[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' . . . a category encompassing allegations that are 'fanciful,' . . . 'fantastic,' . . . and 'delusional[.]'"). Though an "initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighed in favor of the plaintiff[,]" a court should consider "judicially noticeable facts" in determining whether the allegations have any basis in fact. *Denton*, 504 U.S. at 32. Indeed, a complaint merits dismissal under Section 1915 where it "appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Newsome*, 301 F.3d at 231 (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999)).

In the present case, the Magistrate Judge considered each of Plaintiffs' allegations with regard to each of the groups of Eastern District of Texas Defendants[3] and found that each should be dismissed pursuant to Section 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted (Dkt. #128 at 16-21). In so finding, the Magistrate Judge determined that immunity barred Plaintiffs' claims against each group of Eastern District of Texas Defendants (*see* Dkt. #128

---

[3] The Magistrate Judge defines the following groups of Eastern District of Texas Defendants: (1) the Defendant Judges and Courts (Dkt. #128 at 15 n.11); (2) the Defendant Court Staff and Clerks (Dkt. #128 at 15 n.12); (3) the Defendant Attorneys and Law Firms (Dkt. #128 at 15 n.13); and (4) the Government Defendants (Dkt. #128 at 15 n.14).

at 16-18 (finding judicial immunity absolutely bars Plaintiffs' claims against the Defendant Judges and Courts), 18 (finding immunity accorded judicial staff when executing court orders or matters of judicial discretion applied to bar Plaintiffs' claims against Defendant Court Staff and Clerks), 18-20 (finding the Defendant Attorneys and Law Firms are immune to Plaintiffs' claims), 20-21 (finding Plaintiffs' allegations against the Government Defendants conclusory and without any basis in law)). After conducting a de novo review of the Third Amended Complaint, the Court finds Plaintiffs' claims against each of the Eastern District of Texas Defendants should be dismissed with prejudice. Plaintiffs' claims against the Defendant Judges and Courts clearly are barred by immunity given that neither the allegations nor the objections demonstrate that any of the Defendant Judges and Courts "acted in the 'clear absence of all jurisdiction'" in any of the relevant proceedings. *See, e.g.*, *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978). Plaintiffs' claims against the Defendant Court Staff and Clerks are clearly barred by immunity, as well, because neither the allegations nor the objections show that any of the Defendant Court Staff and Clerks acted other than as they were "specifically required to do under court order or at a judge's discretion." *See, e.g.*, *Clay v. Allen*, 242 F.3d 679, 682 (5th Circ. 2001) (per curiam) (citing *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981)). Likewise, each of the Defendant Attorneys and Law Firms—none of whom represented Plaintiffs in any of the relevant proceedings—has absolute immunity to Plaintiffs' claims expounded in the Third Amended Complaint, which allege only "conduct [that] was 'the kind of conduct in which an attorney engages when discharging . . . duties to [a] client.'" *See, e.g.*, *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 346-49 (5th Cir. 2016). Finally, with regard to the Government Defendants, it "appears that no relief could be granted under any set of facts that could be proven consistent with the allegations[,]" *Newsome*, 301 F.3d at 231; Plaintiffs assert only that the Government Defendants have failed to respond to letters

Plaintiffs have sent to them or that the Government Defendants have responded, but not to Plaintiffs' satisfaction (*e.g.*, Dkt. #126 at 25-27). Plaintiffs' complaints against the Government Defendants accordingly lack an arguable basis in law. The Court finds Plaintiffs' claims against each and every of the Eastern District of Texas Defendants should be dismissed with prejudice.

    *C.*    ***Reliance on Northern District of Texas Findings and on Pre-Filing Injunction— Dismissal of Claims Against Northern District of Texas Defendants and the New Transaction Defendants as Malicious***

Plaintiffs also object to the Magistrate Judge's findings and recommendation regarding the Northern District of Texas and New Transaction Defendants. Construing the objections liberally, Plaintiffs seemingly assert the Magistrate Judge's consideration of these prior proceedings (and the Pre-Filing Injunction) are erroneous because those judgments are void either under principles of equity or under Federal Rule of Procedure 60(b) or 60(d). Plaintiffs claim the Northern District of Texas either had no jurisdiction or issued rulings despite active frauds upon the court, rendering the rulings and Pre-Filing Injunction void.

Federal Rule of Civil Procedure 60(b) permits a district court to relieve a party of a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *see also Rocha v. Thaler*, 619 F.3d 387, 400 (5th Cir. 2010) ("Rule 60(b)(6) is commonly referred to as a 'grand reservoir of equitable power to do justice,' [but] the rule is only invoked in 'extraordinary circumstances.'"). The decision whether to grant or deny a Rule

60(b) motion generally "lies within the sound discretion of the district court[,]" *Rocha*, 619 F.3d at 400, but "[u]nlike motions pursuant to other subsections of Rule 60(b), Rule 60(b)(4) motions leave no margin for consideration of the district court's discretion as the judgments themselves are by definition either legal nullities or not[,]" *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998). The U.S. Supreme Court has noted that "[a] judgment is not void[] . . . simply because it is or may have been erroneous." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 360, 370 (2010). Indeed, "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271. Courts "generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction. *Id.*

Alternatively, Rule 60(d) allows a court to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d); *see also* Fed. R. Civ. P. 60(b)(3). One court has distinguished between the "fraud" referenced in Rule 60(b)(3) and Rule 60(b):

> The Federal Rules of Civil Procedure provide two standards for judging fraud on the court. The first, Fed.R.Civ.P. 60(b)(3), is aimed at unfairly obtained, not factually incorrect, judgments. *Rozier,* 573 F.2d at 1339. It provides for relief from judgment because of "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Fed.R.Civ.P. 60(b)(3). One who asserts that an adverse party has obtained a verdict through fraud, misrepresentation or other misconduct pursuant to Fed.R.Civ.P. 60(b)(3) must prove it by clear and convincing evidence. *Rozier,* 573 F.2d at 1339 (citing *Saenz v. Kenedy,* 178 F.2d 417, 419 (5th Cir.1949)). The conduct must have prevented the losing party from fully and fairly presenting its case or defense. *Rozier,* 573 F.2d at 1339 (citing *Toledo Scale Co. v. Computing Scale Co.,* 261 U.S. 399, 43 S.Ct. 458, 464, 67 L.Ed. 719 (1923)); *Optimal Health Care Services, Inc. v. Travelers Ins. Co.,* 801 F.Supp. 1558, 1561 (E.D.Tex.1992).
>
> Fraud under the second standard, Rule 60(b)'s more stringent savings clause, is a limited type of fraud. *Rozier v. Ford Motor Co.,* 573 F.2d 1332, 1337–38 (5th Cir.1978). It is fraud (1) that attempts or succeeds in defiling the court or (2) that is perpetrated by officers of the court and prohibits the court from performing the

> impartial task of judging cases. *Kerwit Med. Prods., Inc. v. N. & H. Instruments, Inc.,* 616 F.2d 833, 837 (5th Cir.1980); 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2870 (1973) (citing *Hazel–Atlas Glass Co. v. Hartford–Empire Co.,* 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944)). Relief based upon this kind of fraud is reserved for the most egregious misconduct and requires a showing of an unconscionable scheme designed to improperly influence the court. *Wilson v. Johns–Manville Sales Corp.,* 873 F.2d 869, 872 (5th Cir.) *cert. denied,* 493 U.S. 977, 110 S.Ct. 504, 107 L.Ed.2d 506 (1989).

*First Nat'l Bank of Louisville v. Lustig*, 832 F. Supp. 1058, 1062 (E.D. La. 1993), *aff'd*, 96 F.3d 1554 (5th Cir. 1996).

Here, Plaintiffs do not raise a plausible Rule 60 challenge. In their objections, Plaintiffs merely repeat the same allegations made in the Third Amended Complaint, namely that the various judges, courts, clerks, and attorneys involved in the relevant proceedings have committed frauds upon the court, that the various judges have improperly failed to recuse themselves, and that they also have acted criminally and committed treason (*e.g.*, Dkt. #126 at 28; Dkt. #132 at 15-17). Plaintiffs complain of "lost summons, no hearings, no Orders, no fact witness testimony, confusion . . . another 'void judgment' transferred to 5th Circuit Court of Appeals with friends of listed Defendants as their Justices for special friendly Orders" (Dkt. #132 at 28), but allege no concrete facts that might permit the Court to infer or determine some conceivable wrongdoing occurred. Furthermore, Plaintiffs allege no jurisdictional defect in any of the relevant proceedings. Without reason to question the propriety of the proceedings or the jurisdiction of the court in the Northern District of Texas Action, the Court finds relief under Rule 60 is inappropriate here. Accordingly, the Court finds Plaintiffs' claims against the Northern District of Texas Defendants and the New Transaction Defendants should be dismissed. Plaintiffs merely repeat the same claims against the Northern District of Texas Defendants and the New Transaction Defendants as were raised before the Northern District of Texas in the Northern District of Texas Action. Moreover, Plaintiffs violated the terms of the Pre-Filing Injunction, as Plaintiffs did not seek leave

to file a complaint in the Court prior to filing the instant suit. The Court, therefore, overrules these objections.

## CONCLUSION

Having considered each of Plaintiffs' objections (Dkt. #132) and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #128) as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that Plaintiffs' Third Amended Complaint (Dkt. #126) be **DISMISSED**, and that Plaintiffs' claims be **DISMISSED** with prejudice.

All relief not previously granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.

**SIGNED this 24th day of February, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE