# United States District Court
### EASTERN DISTRICT OF TEXAS
#### SHERMAN DIVISION

DARLENE C. BALISTRERI-AMRHEIN,    §
ANTHONY J. BALISTRERI, DECEASED    §
                              §   Civil Action No.  4:16-CV-112
v.                                  §   (Judge Mazzant/Judge Nowak)
                              §
DONALD VERRILLI, JR., UNITED      §
STATES SOLICITER GENERAL, ET AL.   §

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Recuse & Mandatory Disqualifications of Judges Amos Mazzant III & Magistrate Christine Nowak for Timely "Good Cause Reasons" ("Motion to Recuse") (Dkt. #142).  Having considered the relevant pleadings, the Court finds Plaintiffs' Motion to Recuse (Dkt. #142) should be denied.

Plaintiffs[1] filed the Motion to Recuse on August 7, 2017, seeking to recuse the Court[2] under 28 U.S.C. § 455 and various Texas statutes (*see* Dkt. #142).  Construing the Motion to Recuse liberally, the Court discerns *pro se* Plaintiffs allege four bases for recusal: (1) the Court withheld service in this case pending judicial screening under 28 U.S.C. § 1915(e); (2) the Court has once warned Plaintiff Darlene C. Amrhein that repeated filings in a closed case may result in sanctions; and (3) the Court's decisions in this matter are motivated not by the law but by the Court's "favor[]" for friends" who appear as Defendants in this matter, namely "Defendant Attorney General Paxton" (Dkt. #142 at  3, 5, 14-15).

---

[1] The Court has previously dismissed Plaintiff Anthony J. Balistreri from this lawsuit, as Mr. Balistreri predeceased this lawsuit and Plaintiff Darlene C. Amrhein failed to proffer evidence showing she had authority to proceed on his behalf *pro se*.  Because Darlene C. Amrhein continues to refer to "Plaintiffs," however, the Court refers to "Plaintiffs" for ease of reference in this Order.

[2] Specifically, Plaintiffs seek recusal of the undersigned and the United States Magistrate Judge assigned to this case. The Court refers hereinafter and collectively to both judges as the "Court."

As an initial matter, the Court notes none of the Texas statutes and/or Rules of Civil Procedure Plaintiffs cite governs recusal of federal judges. *See, e.g.*, Tex. Gov't Code § 74.059 (governing powers and duties of Texas state district, statutory probate and statutory county court judges); *id.* § 25.00255 (governing recusal of Texas state statutory probate court judges); Tex. R. Civ. P. 18A (outlining the standards and procedure applicable when a party seeks to recuse Texas state judges); *see also Hill v. Mississippi*, 427 F. App'x 317, 318 (5th Cir. 2011) (per curiam) (applying federal recusal statute to federal judge who previously had presided over prisoner's state proceedings in earlier position as a state judge). In any event, the Court detects no material difference in the substantive state and federal rules governing recusal in Texas. *Compare* 28 U.S.C. § 455, *with* Tex. R. Civ. P. 18b. Accordingly, the Court applies the applicable federal statute, § 455.

Under § 455, Plaintiffs, as the party moving to recuse, bear "a heavy burden of proof" in showing the Court should recuse. *E.g.*, *United States v. Reggie*, No. 13-111-SDD-SCR, 2014 WL 1664256, at *2 (M.D. La. Apr. 25, 2014). The statute provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. The decision whether to recuse under § 455 is committed to the sound discretion of the Court asked to recuse. *See, e.g.*, *Garcia v. City of Laredo*, 702 F.3d 788, 793-94 (5th Cir. 2012); *Sensley v. Albritton*, 385 F.3d 591, 598 (5th Cir. 2004) (quoting *Chitimacha Tribe v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982)).

The U.S. Supreme Court has made clear "[t]he recusal inquiry must be made from the perspective of a *reasonable* observer who is *informed of all the surrounding facts* and circumstances." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 541 U.S. 913, 924 (2004)

(emphases added); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1098, 197 L. Ed. 2d 206 (2017). The Fifth Circuit has interpreted this mandate to mean that "[courts] ask how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person" while remaining "mindful that an observer of our judicial system is less likely to credit judges' impartiality than the judiciary" would be. *United States v. Jordan*, 49 F.3d 152, 156-57 (5th Cir. 1995). Indeed, the statute exists to mandate recusal in cases where it truly appears (or is the case that) the presiding judge cannot consider the case impartially—not where a litigant's speculation based on incomplete information implies concealment and impropriety. *See* H.R. REP. NO. 93-1453, at 6355 (1974).

Further, the recusal inquiry is "extremely fact intensive and fact bound" and requires "a close recitation of the factual basis for the . . . recusal motion" by the movant. *Republic of Panama v. Am. Tobacco Co., Inc.*, 217 F.3d 343, 346 (5th Cir. 2000). A court's own analysis must likewise "be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the facts and circumstances of the particular claim." *Id.*; *see also United States v. Bremers*, 195 F.3d 221, 226-27 (5th Cir. 1999) (finding that a "similar situation" presented in another case calling for the same district judge's recusal merited independent consideration). Fortuitous timing of a recusal motion—immediately following an unfavorable ruling, for example—warrants closer consideration of the movant's intent in seeking recusal. *See United States v. Vadner*, 160 F.3d 263, 264 (5th Cir. 1998) ("The most egregious delay—the closest thing to per se untimeliness—occurs when a party already knows the facts purportedly showing an appearance of impropriety but waits until after an adverse decision has been made by the judge before raising the issue of recusal.").

In the instant case, and as noted *supra*, Plaintiffs assert recusal is appropriate because the Court withheld service of process of the live pleading—Plaintiffs' Third Amended Complaint (Dkt. #126) pending review of the Third Amended Complaint under the *in forma pauperis* screening statute, 28 U.S.C. § 1915 (*see* Dkt. #142 at 3, 5, 13). Although Federal Rule of Civil Procedure 4(m) prescribes service of process "within ninety days after the complaint is filed," it also permits a court to toll that period in certain circumstances. *See* Fed. R. Civ. P. 4(m). Relevant here, a court may withhold service where the plaintiff proceeds *in forma pauperis* pending the court's screening of the complaint for frivolousness under Section 1915. *See, e.g.*, *Shabazz*, 380 F. Supp. 2d at 799-800; *Coleman v. Colvin*, No. 3:16-cv-2608-D-BK, 2017 WL 2348812, at *1 (N.D. Tex. Apr. 13, 2017) ("Plaintiff's *pro se* complaint was referred to the United States magistrate judge for judicial screening. The Court granted the motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening."); *cf. Osborne v. Texas*, No. A-13-CV-528-LY, 2013 WL 5556210, at *3 (W.D. Tex. Oct. 8, 2013) (noting courts have a "duty to screen for frivolousness" in certain cases and finding *sua sponte* examination of the merits of a plaintiff's case prior to service proper). Accordingly, Section 1915, as interpreted by courts within the Fifth Circuit, contemplates screening of complaints filed through Section 1915; no basis exists for recusal by virtue of the Court's withholding service of the Third Amended Complaint pending such screening in this case.

Plaintiffs also seemingly argue recusal is appropriate in light of the Court's admonishment in its July 20, 2017 Order that "Plaintiff [Darlene C. Amrhein] has exhausted her options at the District Court level; any further relief must be sought before the Fifth Circuit. Plaintiff is warned against making further frivolous and/or meritless requests for reconsideration in this case" (Dkt. #139 at 4). Plaintiffs allege such statement demonstrates bias. The U.S. Supreme Court has

noted that, generally, a movant must point to an "extrajudicial" source of bias in order to obtain recusal. *Liteky v. United States,* 510 U.S. 540, 544-45 (1994) (citing *United States v. Grinnell*, 384 U.S. 563, 583 (1966)). Further, "trial *rulings* have a judicial *expression* rather than a judicial *source*" such that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* at 545, 555. Trial rulings instead "are proper grounds for appeal, not for recusal." *Id.* at 555. Moreover, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* (noting also that this applies to opinions manifested as "judicial remarks"). The Court's admonishment does not constitute an "extrajudicial" statement the proper target of a recusal motion and does not evince "a deep-seated favoritism or antagonism that would make fair judgment impossible." *See Liteky*, 510 U.S. at 544-45, 555. Rather, the Court rendered such warning in light of "Plaintiff's litigation history [in other cases], considered alongside Plaintiff's filing behavior in this case[,]" specifically the repeated filings for reconsideration after closure of the case (Dkt. #139 at 2-3). Such warning was (and remains) appropriate under the circumstances (*see generally* Dkts. #134-145). *See United States v. Fulton*, 469 F. App'x 322, 324 (5th Cir. 2012) (per curiam); *see also Amrhein v. Riechert*, No. 3:12-CV-03707-G-BK, 2013 WL 1155473, at *13-14 (N.D. Tex. Feb. 1, 2013), *report and recommendation adopted*, 2013 WL 1174571 (N.D. Tex. Mar. 21, 2013) (imposing broad pre-filing injunction on Plaintiff Darlene C. Amrhein after considering her litigation history and filing behavior before the Northern District of Texas). The Court's warning to Plaintiffs about repeated, frivolous filings in this case provides no basis for recusal.

Plaintiffs cite as a third reason for recusal the Court's dismissal of an unrelated civil action involving Defendant Texas Attorney General Kenneth Paxton: Plaintiffs claim the Court "tossed Defendant Attorney General Paxton Security Fraud Suit Oct 7, 2016 making 'favors for friends'" (Dkt. #142 at 5). Plaintiffs insinuate that the Court has a relationship with Defendant Paxton that creates an appearance of impropriety (or actual bias) but allege no relation other than one the Court has as judge presiding over lawsuits in which Defendant Paxton is a named litigant. Further, and again, the Court's rulings—either in this matter or any other—do not themselves serve as a basis for recusal. *E.g.*, *Beemer v. Holder*, No. CV B-08-449, 2011 WL 13180172, at *4 (S.D. Tex. Aug. 19, 2011) (finding *pro se* plaintiff's allegations that the presiding judge's determinations in other cases formed a basis for the judge's recusal in the pending case "[ran] afoul of the settled rule that 'inferences drawn from prior judicial determinations are insufficient grounds for recusal'"). The Court finds no basis for recusal in this matter.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion to Recuse & Mandatory Disqualifications of Judges Amos Mazzant III & Magistrate Christine Nowak for Timely "Good Cause Reasons" (Dkt. #142) is hereby **DENIED**.

**IT IS SO ORDERED**.
**SIGNED this 6th day of September, 2017.**


_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE